## Case No. 8,788.

In re McFARLAND et al.

[10 N. B. R. (1874) 381.] [1]

District Court, W. D. Texas.

BANKRUPTCY — PARTNERSHIP — DISSOLUTION — RIGHTS OF CREDITORS—SUBSEQUENT ACTS—PETITION.

1. A partnership dissolved by mutual consent can have no effect upon the rights of creditors then existing, nor upon those who subsequently became creditors. if the members of the firm continued to treat each other in point of fact as partners after the alleged dissolution and to act as such in their business transactions with others.

2. A petition in bankruptcy can still be filed against the members of the firm, as though there had never been any dissolution.

[Cited in Re Gorham. Case No. 5.624.]

The facts are sufficiently stated in the opinion. The petitioners introduced no testimony to prove Mrs. McFarland a partner.

[1] [Reprinted by permission.]

Robertson & Herndon, for petitioners.
Jones & Henry, for respondents.

DUVAL, District Judge. On the 26th day of February, 1874, Richardson & Co. filed their petition praying that H. C. McFarland & Co., a firm alleged to be composed of H. C. McFarland, F. W. Petty, and Lavissa McFarland, might be adjudged bankrupts. The acts of bankruptcy alleged against the debtors are: First. That they, being merchants, had within six calendar months next preceding the filing of the petition, suspended and had not resumed payment of their commercial paper within a period of fourteen days—which commercial paper is particularly described in the petition. Second. That as such merchants, they removed certain of their property from their store-house to avoid its being taken on legal process; and Third. That H. C. McFarland sold and disposed of goods, etc., appropriating the money therefor to his own use without accounting therefor on the books of the firm. Writs of seizure and injunction were issued in accordance with the prayer of the petitioners. On the 14th day of March, 1874, Lavissa McFarland, wife of H. C. McFarland, answered under oath denying that she was then or ever had been a member of the firm of H. C. McFarland & Co. At the same time a like denial of Mrs. McFarland's being a member of the firm was filed by her husband, H. C. McFarland, who alleged further that Felix W. Petty was not then, and had not been since the —— day of July, 1872, a member of the firm of H. C. McFarland & Co.; but that on that day they had dissolved their partnership and published notice of the same in the Tyler Reporter, and that thereafter Petty's connection with H. C. McFarland was only that of a clerk with stipulated wages, and that since said dissolution the name and style of the house had been H. C. McFarland & Co., though owned solely by H. C. McFarland. The answer to the merits of the petition was also filed by H. C. McFarland and wife, and also a demurrer to its sufficiency.

It appears from the written evidence before me that on the 19th day of April, 1871, Petty sold his interest in the stock of drugs, etc., to McFarland, and by mutual consent the partnership was dissolved. In consideration of such sale, and the sum of two thousand seven hundred and fifty dollars to be paid by McFarland to Petty on or before January 1st, 1872, McFarland was to assume and pay off all the debts due by the firm, and to retain Petty as clerk at thirty dollars per month, so long as by mutual consent he might act as such. In regard to this transaction, the testimony of Petty and McFarland is directly at variance. The former swears that it was a feigned and sham transaction made and entered into to enable him, Petty, to protect himself from a certain security debt, incurred without any valuable consideration to himself, and that in point of

fact the partnership still existed, and was never really dissolved. McFarland, on the other hand, swears that it was a real and genuine transaction, and that there was an actual dissolution of the partnership between him and Petty. Admitting that the testimony of one of these gentlemen weighs equally in the balance with that of the other, and that the written agreement referred to, and the note for two thousand seven hundred and fifty dollars, given in pursuance of same, constitutes a transaction binding as between the parties themselves, it can have no effect upon the rights of creditors then existing. Nor can it have any effect upon the rights of those who subsequently became creditors of the firm of H. C. McFarland & Co., provided McFarland & Petty continued to treat each other, in point of fact, as partners, and to act as such in their business transactions with others. That they did so, the evidence is to my mind perfectly conclusive; upon this point, the testimony furnished by the books of the firm, of date subsequent to the 19th of April, 1871, the testimony of Mr. Williams and other witnesses, it seems to me, can leave no doubt whatever. So far as Mrs. Lavissa McFarland is concerned, there is no proof showing that she was ever a partner in the firm; and as she denies it under oath, the proceeding is dismissed as to her. The commission of one, at least, of the acts of bankruptcy charged being clearly proven, I deem it my duty to adjudicate McFarland and Petty, as partners, bankrupts; and it is so ordered and adjudged accordingly.